IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| FOOD CONSULTING GROUP, LLC and ) | |
| 988 LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants FOOD CONSULTING GROUP, LLC and 988 LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, FOOD CONSULTING GROUP, LLC (hereinafter "FOOD CONSULTING GROUP, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, FOOD CONSULTING GROUP, LLC, may be properly served with process via its registered agent for service, to wit:   Zuhair Adi, Registered Agent, 3604 Fairmont Parkway, Suite C, Pasadena, TX  77504.

9. Defendant, 988 LLC (hereinafter "988 LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10. Defendant, 988 LLC, may be properly served with process via its registered agent for service, to wit:   Akram Adi, Registered Agent, 700 Red Bud Court, Friendswood, TX 77546.

**FACTUAL ALLEGATIONS**

11. On or about August 31, 2019, Plaintiff was a customer at "Peppers Beef & Seafood" a business located at 3604C Fairmont Pkwy, Pasadena, TX 77504, referenced herein as "Peppers Beef & Seafood".

12. Peppers Beef & Seafood is operated by Defendant, FOOD CONSULTING GROUP, LLC.

13. Defendant, FOOD CONSULTING GROUP, LLC, is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Peppers Beef & Seafood.

14. Defendant, 988 LLC, is the owner or co-owner of the real property and improvements that Peppers Beef & Seafood is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff lives 10 miles from Peppers Beef & Seafood and the Property.

16. Plaintiff's access to the business(es) located 3604C Fairmont Pkwy, Pasadena, TX 77504, Harris County Property Appraiser's account number 0461650000074 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Peppers Beef & Seafood and the Property, including those set forth in this Complaint.

17. Plaintiff has visited Peppers Beef & Seafood and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Peppers Beef &

Seafood and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Peppers Beef & Seafood and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Peppers Beef & Seafood and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting Peppers Beef & Seafood and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to Peppers Beef & Seafood and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Peppers Beef & Seafood and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Peppers Beef & Seafood and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive

4

       social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.    The effective date of Title III of the ADA was January 26, 1992 (or January 26,

1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. Peppers Beef & Seafood is a public accommodations and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. Peppers Beef & Seafood must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed Peppers Beef & Seafood and the Property in his capacity as a customer of Peppers Beef & Seafood and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Peppers Beef & Seafood and the Property that preclude and/or limit his access to Peppers Beef & Seafood and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit Peppers Beef & Seafood and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize

all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Peppers Beef & Seafood and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Peppers Beef & Seafood and the Property that preclude and/or limit his access to Peppers Beef & Seafood and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Peppers Beef & Seafood and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, are compelled to remove all physical barriers that exist at Peppers Beef & Seafood and the Property, including those specifically set forth herein, and make Peppers Beef & Seafood and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Peppers Beef & Seafood and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Peppers Beef & Seafood and the Property include, but are

not limited to:

**ACCESSIBLE ELEMENTS:**

    (i)    There are an inadequate number of accessible parking spaces, there are only two accessible parking spaces, despite having a total of 89 parking spaces, thus, according to section 208.2, the Property should have a total of four accessible parking spaces. This may cause difficulty for Plaintiff to find an accessible parking space on future visits.

    (ii)    There are no marked van accessible parking spaces in violation of section 208.2.4 of the 2010 ADAAG Standards.

    (iii)    There are two accessible parking spaces that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

    (iv)    One accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

    (v)    One accessible parking space sign is not at the proper height in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

    (vi)    One or more accessible parking spaces is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii) The bar in Pepper's Beef and Seafood is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(viii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

RESTROOMS IN PEPPER'S BEEF AND SEAFOOD

(i) The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(ii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv) The grab bars/handrails are not positioned in accordance with Sections 609.4 and 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is

9

too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The height of the toilet seat is below the minimum height of 17 (seventeen) inches in violation of Section 604.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) Restrooms have a vanity sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix) The height of the urinal exceeds the maximum required height set forth in Section 605.2 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x) The accessible toilet stall door swings into the clear floor space required by the stall and violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xi) The accessible toilet stall door is too narrow and/or otherwise violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xii) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(xiii) The restroom door lacks adequate maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG standards.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Peppers Beef & Seafood and the Property.

37. Plaintiff requires an inspection of Peppers Beef & Seafood and the Property in order to determine all of the discriminatory conditions present at Peppers Beef & Seafood and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to Peppers Beef & Seafood and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Peppers Beef & Seafood and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Peppers Beef & Seafood and the Property is readily achievable because Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, have the financial resources to make the necessary modifications as the Property has a Market value of

11

$860,126.00.

42. Upon information and good faith belief, Peppers Beef & Seafood and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Peppers Beef & Seafood and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, to modify Peppers Beef & Seafood and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, FOOD CONSULTING GROUP, LLC, in

    violation of the ADA and ADAAG;

(b) That the Court find Defendant, 988 LLC, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, FOOD CONSULTING GROUP, LLC and 988 LLC, to (i) remove the physical barriers to access and (ii) alter the subject Peppers Beef & Seafood and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

            Dated: September 23, 2019.

            Respectfully submitted,

            /s/ Douglas S. Schapiro
            Douglas S. Schapiro, Esq.
            *Attorney-in-Charge for Plaintiff*
            Southern District of Texas ID No. 3182479
            The Schapiro Law Group, P.L
            7301-A W. Palmetto Park Rd., #100A
            Boca Raton, FL 33433
            Tel: (561) 807-7388
            Email: schapiro@schapirolawgroup.com